IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DORIS WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:09-CV-873-WKW[WO] |
| ) | |
| WOMEN'S HEALTHCARE OF ) | |
| DOTHAN, P.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' motion (Doc. # 9) to dismiss for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(b)(1), to dismiss for failure to state a claim, *see* Fed. R. Civ. 12(b)(6), or, alternatively, to provide a more definite statement, *see* Fed. R. Civ. P. 12(e). Plaintiff filed a response (Doc. # 19), opposing Defendants' motion and, alternatively, moving for leave to amend her Complaint, to which Defendants replied (Doc. # 20).[1] Based upon careful consideration of the arguments of counsel, the appropriate law and the Complaint's allegations, Defendants' and Plaintiffs' motions are due to be granted in part and denied in part.

**I. STANDARDS OF REVIEW**

**A.   Rule 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is appropriate

---

[1] Accordingly, Plaintiff's response is construed as containing a motion for leave to amend the Complaint.

"'for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Ledford v. Peeples*, 568 F.3d 1258, 1287 (11th Cir. 2009) (quoting *Bell v. Hood*, 327 U.S. 678 (1946)).  A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim." *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (citation and internal quotation marks omitted).  Hence, "[w]hen a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint." *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1221 (11th Cir. 2008).

The test for dismissal for insubstantiality under Rule 12(b)(1) is more rigorous than the test for dismissal for failure to state a claim under Rule 12(b)(6).  "Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.'" *Ord v. District of Columbia*, 587 F.3d 1136, 1145 (D.C. Cir. 2009); *see also Kinsey v. King*, 257 F. App'x 136, 137 (11th Cir. 2007) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover, but rather whether the cause of action alleged is so patently without merit as to justify the court's dismissal for want of jurisdiction." (quoting *McGinnis v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (*en banc*)).

2

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the subject matter jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009). Here, Defendants attack the sufficiency of the Complaint on its face, arguing that the federal claims are wholly insubstantial and frivolous. In a facial attack, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in . . . the complaint as true." *Id.*

**B.** **Rule 12(b)(6)**

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must "take the facts alleged in the complaint as true and construe them in the light most favorable to" the plaintiff. *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008). "[D]etailed factual allegations" are not required, but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is necessary. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

**C.** **Rule 12(e)**

A party may "move for a more definite statement" under Rule 12(e) when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). District courts also have the "inherent authority to require the [plaintiff] to file a

more definite statement" if not by Rule 12(e), then by their authority "to narrow the issues in the case in order to speed its orderly, efficient, and economic disposition." *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996).

**D.     Rule 15(a)**

Amendments to a complaint are governed by Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) gives a plaintiff the right to "amend its pleading once as a matter of course . . . before being served with a responsive pleading[.]" Fed. R. Civ. P. 15(a). "For Rule 15 purposes, a motion to dismiss is not a responsive pleading." *Coventry First, LLC v. McCarty*, No. 09-11682, 2010 WL 1782144, at *3 (11th Cir. May 5, 2010) (published). When a plaintiff who has the right to amend the complaint as a matter of course instead moves for leave to amend, the plaintiff waives his right to amend as a matter of course. *See id.*, 2010 WL 1782144, at *3. This means that leave of the court must be obtained, although leave should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). A motion to amend, however, need not be granted when the amendment would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). A proposed amendment is futile "when the complaint as amended would still be properly dismissed." *Coventry First*, 2010 WL 1782144, at *3 (internal quotation marks and citation omitted).

## II. BACKGROUND

The facts of the Complaint are taken as true for purposes of ruling on the present motions. Ms. Williams has sued Women's Healthcare of Dothan, PC, and two of its

4

physicians under federal and state law, alleging that they provided inadequate medical care during her pregnancy, resulting in the premature, stillborn death of her child on September 21, 2007.  Women's Healthcare of Dothan, PC, the "corporate defendant," is a "medical clinic physically located adjacent to Flowers Hospital in Dothan, Alabama." (Compl. ¶ 4.) The physicians – Christopher E. Nicholls and Nicole Johnson – "worked" at Women's Healthcare of Dothan, PC.  (Compl. ¶ 4.)   The physicians are sued in their individual capacities.

As alleged, Dr. Nicholls "misdiagnosed the stage of [Ms. Williams's] pregnancy," and "failed to perform a number of standard tests to determine the cause of [her] unusual pain." (Compl. ¶¶ 6, 9.)  Furthermore, the Complaint alleges that Defendants were "racially rude" to Ms. Williams, who is African-American, and subjected her to "racial slurs." (Compl. ¶¶ 7, 11.)

The Complaint also alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); 42 U.S.C. § 1981; the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd; the Fifth and Fourteenth Amendments to the United States Constitution; and state law, including a violation of the Alabama Medical Liability Act ("AMLA"), *see* Ala. Code §§ 6-5-480 to -488; Ala. Code §§ 6-5-541 to -552.

Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 for the federal law claims.  The jurisdictional basis for the state law claims – 28 U.S.C. §§ 1332 or 1367 – is not alleged.  As

relief, Ms. Williams requests compensatory and punitive damages and any "equitable relief deemed appropriate . . . ." (Compl. 11.)

### III. DISCUSSION

Defendants argue that the Complaint is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Alternatively, Defendants request a more definite statement of Ms. Williams's claims. Ms. Williams's response is not particularly helpful. She does not provide specific rebuttals to Defendants' arguments, but instead focuses on the details pertaining to the alleged denial of appropriate medical care, and concludes with a generic statement that if dismissal is contemplated, the court should permit her to amend the Complaint.[2]

For the reasons to follow, the Fifth and Fourteenth Amendment claims and the EMTALA claims against the individual physicians are subject to dismissal for lack of subject matter jurisdiction. Additionally, the EMTALA claim against Women's Healthcare of Dothan, PC, and the Title VII count falter for failure to state a claim for relief. In the interest of justice and in lieu of dismissal, Ms. Williams will be permitted to amend her Complaint as to the EMTALA claim against Women's Healthcare of Dothan, PC. An amendment as

---

[2] Ms. Williams has not previously amended her Complaint, and Defendants have not filed a responsive pleading. Ms. Williams could have amended her Complaint as a matter of course, pursuant to Rule 15(a). *See Coventry First*, 2010 WL 1782144, at *3. Ms. Williams's request for leave to amend, thus, was unnecessary. The legal effect is that Ms. Williams has "waived [her] right to amend as a matter of course" and her request is governed by Rule 15(a)(2)'s general precepts.

to the other claims, however, would not save them from dismissal, and, thus, will not be permitted.

Relying upon Rule 12(b)(1), Defendants argue that the Fifth and Fourteenth Amendment claims alleged in Count IV are wholly insubstantial and frivolous because there are no allegations that Defendants either are governmental entities or were acting on behalf of the government. Defendants assert that they are private individuals and a private entity, incapable of satisfying the state "action" requirement of the Fifth and Fourteenth Amendments. (Doc. # 9, at 9-10.)

Neither the Fifth Amendment nor the Fourteenth Amendment applies to private action, only government action (state or federal, depending upon the provision).[3] *See Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989); *Kinsey*, 257 F. App'x at 139. There are no allegations of federal or state action or involvement. Nor is any such action or involvement argued in Ms. Williams's brief. These claims, therefore, are insubstantial and frivolous, and due to be dismissed with prejudice for lack of subject matter jurisdiction. *See Kinsey*, 257 F. App'x at 139 (affirming Rule 12(b)(1) dismissal of Fifth and Fourteenth Amendment claims for failure of the Complaint to allege "state action").

Defendants also argue that Ms. Williams's EMTALA claim in Count II fails the substantiality requirement because there are no allegations suggesting that Defendants are

---

[3] In her Complaint, Ms. Williams has not invoked any particular clause of the Fifth Amendment or the Fourteenth Amendment, citing each generically. However, Ms. Williams indicates in her brief that she is asserting "privacy violations and due process violations of her rights under the U.S. Constitution." (Doc. # 19, at 1.)

7

anything other than "private physicians and a private practice group" and, thus, dismissal of this claim is appropriate under Rule 12(b)(1). (Doc. # 9, at 9.) Defendants cite two decisions from this district in which it was found that there is no individual civil liability against a physician under 42 U.S.C. § 1395dd. *See Holcomb v. Monahan*, 807 F. Supp. 1526, 1531 (M.D. Ala. 1992) (Albritton, J.); *Ashton v. Florala Mem'l Hosp.*, No. 2:06cv226, 2006 WL 2864413 (M.D. Ala. Oct. 5, 2006) (DeMent, J.). In *Holcomb*, the court explained that EMTALA only permits a private claim against a "participating hospital." 807 F. Supp. at 1531. "It makes no provision for a suit against the responsible physician. Congress could as easily have provided a private remedy against a physician as against a hospital; it chose not [to] do so." *Id.* The *Holcomb* court, thus, dismissed the EMTALA claim against the physician for lack of subject matter jurisdiction. *See id.*; *see also Ashton*, 2006 WL 2864413, at *12 (finding *Holcomb*'s reasoning persuasive). Based upon EMTALA's statutory text and the reasoning of *Holcomb*, no plausible argument can be made that EMTALA provides a right for relief against the individual physicians. The EMTALA claims against Drs. Nicholls and Johnson, therefore, are due to be dismissed with prejudice for lack of subject matter jurisdiction.[4]

---

[4] Leave to amend will not be permitted as to the constitutional claims or the EMTALA claims against the individual physicians. No reason has been offered, and none can be envisioned, that would save these claims from dismissal for lack of subject matter jurisdiction. *See, e.g.*, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (Where subject matter jurisdiction is lacking based upon the unsubstantial and frivolous nature of the claim, the district court need not afford the plaintiff an opportunity to amend the complaint.). In other words, permitting an amendment would be futile. *See Bryant*, 252 F.3d at 1163.

The EMTALA claim against Women's Healthcare of Dothan, PC, however, is more appropriately analyzed under Rule 12(b)(6). Section 1395dd(d)(2)(A) allows a private plaintiff to file a civil action against a "participating hospital" for "personal harm" suffered "as a direct result of a participating hospital's violation of a requirement of this section" pertaining to emergency room screening and stabilization services. § 1395dd(d)(2)(A); *see also Rodriguez v. Am. Int'l Ins. Co. of P.R.*, 402 F.3d 45, 48 (1st Cir. 2005). Thus, by its terms, EMTALA "does not apply to all health care facilities," only to "participating hospitals." *Rodriguez*, 402 F.3d at 48; *see also Medero Diaz v. Grupo de Empresas de Salud*, 112 F. Supp. 2d 222, 225 (D.P.R. 2000) (EMTALA does not provide a "cause of action against physicians' medical corporations."). A "participating hospital" is "a hospital that has entered into a [Medicare] provider agreement under section 1395cc of this title," § 1395dd(e)(2), and which meets the multi-factored definition of a hospital, set out in 42 U.S.C. § 1395x, *see Rodriguez*, 402 F.3d at 48. In short, a plaintiff bringing a private cause of action under EMTALA must demonstrate, among other things, that the defendant is a participating hospital. *See Correa v. Hosp. S.F.*, 69 F.3d 1184, 1189 (1st Cir. 1995).

Ms. Williams has not alleged, or even argued, that Women's Healthcare of Dothan, PC, is a "participating hospital" governed by EMTALA. Nor has she included any allegations in the Complaint from which such a status can be inferred. She merely avers that Women's Healthcare of Dothan, PC, is a "corporate defendant" and a "medical clinic." (Compl. ¶ 4.) While Ms. Williams has failed to allege an essential element of her claim,

9

dismissal will not be mandated at this juncture.  Rather, in the interest of justice, Ms. Williams will be permitted to amend her EMTALA claim to allege whether Women's Healthcare of Dothan, PC, is a "participating hospital" and, if so, the factual basis for that contention.[5]  Ms. Williams is forewarned that the Amended Complaint must contain more than a "formulaic recitation of th[is] element[] of [her] cause of action"; it must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

Defendants also argue that the Title VII[6] claim in Count I is insubstantial and fails to state a claim because of the absence of allegations of an "employment relationship."  (Doc. # 9, at 8.)  The sufficiency of the Title VII claim will be analyzed under Rule 12(b)(6), rather than Rule 12(b)(1).  *See Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 190 (4th Cir. 1998) (The physician's "relationship with her patients c[ould] not possibly amount to an employer-employee relationship" under Title VII, and, thus, the plaintiff failed to state a claim under Rule 12(b)(6).); *Mitchell v. Frank R. Howard Mem'l Hosp.*, 853 F.2d 762, 767 (9th Cir. 1988) (Because the radiologist had "not alleged any facts which would support a finding that his relationships with his patients or prospective patients [were] employment relationships for the purposes of Title VII," the Title VII claims failed to state a claim under

---

[5] The Amended Complaint also should clarify the jurisdictional basis for the state-law claims.

[6] Title VII provides, in material part, that "[i]t shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a)(1).

Rule 12(b)(6).); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 512 (2006) (Title VII's "employer" requirement is an element of the plaintiff's claim for relief and does not constitute a basis to dismiss for lack of subject matter jurisdiction.).

Here, the Complaint does not allege an unlawful employment practice. It alleges a doctor-patient, not an employer-employee, relationship between Defendants and Ms. Williams. (Compl. ¶¶ 5-14.) There is no allegation that Ms. Williams was, has been, or ever has sought to be employed by Defendants, or that there is any connection between Defendants' alleged deficient medical care and an employment relationship. Indeed, it appears that Ms. Williams has abandoned any reliance on Title VII altogether. In her response, Ms. Williams neither addresses Defendants' argument in support of dismissal of the Title VII claim nor mentions Title VII. (*See* Doc. # 19.) In short, Ms. Williams's allegations do not permit Title VII recovery. Accordingly, the Title VII claim fails to state a claim for which relief can be granted, and leave to amend is not warranted, on the basis of futility.[7] The dismissal will be with prejudice.

Finally, in a related jurisdictional argument, Defendants assert that Ms. Williams's federal claims are "barred" by the AMLA. (Doc. # 9, at 4.) They contend that these claims must be brought under the AMLA because the substance of the Complaint pertains to the

---

[7] Although Defendants have not interpreted the Complaint as also containing a 42 U.S.C. § 1981 claim, a liberal construction of the Complaint requires the court to do so. (*See* Compl. ¶ 16 (alleging that Defendants "breached the contractual duty of care to the Plaintiff during her pregnancy due to the fact she was an unmarried, black woman," and citing 42 U.S.C. § 1981 "(contract)."); *see also* Compl. 1).) Defendants have not specifically challenged this claim. Accordingly, the § 1981 claim survives the instant motion. *See generally Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1308 (11th Cir. 2010) (setting forth the elements of a non-employment racial discrimination under § 1981).

medical treatment Ms. Williams received during her pregnancy. (Doc. # 9, at 5.) Defendants, however, have not cited any authority that on this record these federal law claims, in effect, are preempted by the AMLA. (Doc. # 9, at 4.) At this juncture, Defendants' unsupported argument provides an insufficient basis for dismissal.[8]

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendants' motion to dismiss (Doc. # 9) is GRANTED in part and denied in part as follows:

(1) The Fifth Amendment and Fourteenth Amendment claims in Count IV against all Defendants, and the EMTALA claims in Count II against Christopher Nicholls and Nicole Johnson are DISMISSED with prejudice for lack of subject matter jurisdiction;

(2) the Title VII claim in Count I against all Defendants is DISMISSED with prejudice for failure to state a claim; and

(3) the motion is otherwise DENIED.

It is further ORDERED that Ms Williams's motion for leave to amend the Complaint (Doc. # 19) is GRANTED, as set forth above, and the Amended Complaint shall be filed by Ms. Williams on or before **June 2, 2010**. Claims dismissed by this Order shall be omitted from the Amended Complaint.

---

[8] Defendants' motion also contains a conclusory laundry list of other alleged "insufficiencies with Plaintiff's Complaint." (Doc. # 9.) These grounds will not be addressed because Defendants fail to advance any developed argument.

It is further ORDERED that Defendants' alternative motion for a more definite statement (Doc. # 9) is DENIED as moot.

DONE this 19th day of May, 2010.

                                              /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE