IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DORIS WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 1:09-CV-873-WKW |
| | ) | [WO] |
| | ) | |
| WOMEN'S HEALTHCARE OF | ) | |
| DOTHAN, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Women's Healthcare of Dothan, P.C.'s Motion for Summary Judgment. (Doc. # 38.) The motion is accompanied by evidence and a memorandum of law. (Doc. # 39.) Ms. Williams filed an opposition to the summary judgment motion. (Doc. # 40.) Additional rounds of briefing followed. (Docs. # 40, 44, 46.) After careful consideration of the arguments of counsel, the relevant law and the record as a whole, the court finds that summary judgment is due to be entered in Defendant's favor on Plaintiff's federal law claims and that Plaintiff's state law claims are due to be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

## **I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction). Personal jurisdiction and venue are not contested, and there are adequate allegations of both.

## II.  STANDARD OF REVIEW

On summary judgment, the evidence and the inferences from that evidence must be viewed in the light most favorable to the nonmovant. *See Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).  "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322–24.

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008); Fed. R. Civ. P. 56(c). When the nonmovant fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

### III.  FACTS

During her pregnancy in 2007, Plaintiff Doris Williams ("Ms. Williams") was under the medical care of Defendant Women's Healthcare of Dothan, P.C. ("Women's Healthcare"), a private physician's practice group in Dothan, Alabama. On September 21, 2007, Ms. Williams reported to Women's Healthcare, complaining of pain. Ms. Williams "was immediately taken to an exam room," where she "suddenly and spontaneously" delivered a twenty-one-week-old, "nonviable fetus." (Christopher E. Nicholls, M.D.'s Aff. ¶ 13 (Ex. 1 to Doc. # 39).)

In this lawsuit, Ms. Williams alleges that Women's Healthcare is responsible for the premature birth and death of her child because one of its physicians

misdiagnosed the stage of her pregnancy and minimized her repeated "reports of extreme pain during her pregnancy." (Am. Compl. ¶¶ 7, 8, 10.) She further contends that, during her treatment at Women's Healthcare, she was subjected to derogatory slurs on the basis of her race (African-American) and embarrassing questions concerning her marital status (unwed).[1]  (Am. Compl. ¶¶ 8, 12.)

Ms. Williams's claims that survived two rounds of motions to dismiss are as follows: (1) claims brought pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et. seq.* (Counts II and III); (2) a non-employment, racial discrimination claim under 42 U.S.C. § 1981 (Count I); and (3) and various state law claims amassed under the heading "state law torts" (Count V). (*See* Mem. Op. & Order (Doc. # 28); Am. Compl. (Doc. # 23).)

After adequate time for discovery, Women's Healthcare filed a Motion for Summary Judgment. (Doc. # 38.) The motion has been fully briefed and is ripe for a ruling.

---

[1] In its prior opinions, the court generously construed the allegations in the Complaint and the Amended Complaint in Ms. Williams's favor. However, allegations no longer suffice, but as discussed in Part IV, that is all Ms. Williams offers in rebuttal to Women's Healthcare's summary judgment motion.

## IV.  DISCUSSION

Women's Healthcare moves for summary judgment on Ms. Williams's remaining § 1981 (Count I), EMTALA (Counts II and III) and state law (Count V) claims.  Ms. Williams opposes the motion.

### A.  <u>42 U.S.C. § 1981 Claims</u>

The Amended Complaint alleges that Women's Healthcare violated § 1981 when it allegedly breached a "medical services contract" with Ms. Williams by acting "in an unlawful and/or purposeful manner" in violation of her "federally protected anti-discrimination right to contract with the [Women's Healthcare's] medical facility for medical services without discrimination." (Am. Compl. ¶ 15.) Women's Healthcare argues that the § 1981 claim fails because there was no contract between it and Ms. Williams for medical care. (Def.'s Mem. of Law 10 (Doc. # 39).)

To demonstrate a § 1981 claim alleging "interference with a right to contract," Ms. Williams "'must identify an impaired contractual relationship under which [she] has rights.'" *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1309 (11th Cir. 2010) (quoting *Kinnon v. Arcoub, Gopman & Assocs.*, 490 F.3d 886, 890 (11th Cir. 2007)). Women's Healthcare submits affirmative evidence establishing that it did not enter into a contract for medical services with Ms. Williams. (*See* Nichols's Aff. ¶ 20.) Ms. Williams does not present any evidence to counter Dr. Nichols's attestations or

5

even address Women's Healthcare's evidence. In fact, her brief is devoid of any mention of the factual premise underlying her contract theory or any discussion of this element of her § 1981 claim. (*See* Pl.'s Br. in Opp'n. to Summ. J. 1-5 (Doc. # 40).) Because Women's Healthcare's evidence stands unrebutted, Ms. Williams fails to establish an element essential to her § 1981 claim. That failure is sufficient to warrant the entry of summary judgment in Women's Healthcare's favor on the § 1981 claim.[2] *See Am. Fed'n of Labor & Congress of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1187 (11th Cir. 2011) ("When there is a 'complete failure of proof concerning an essential element on the nonmoving party's case,' the motion for summary judgment should be granted." (quoting *Celotex Corp.*, 477 U.S. at 323)).

---

[2] In her brief opposing summary judgment, Ms. Williams includes a general citation to her own affidavit that she appended to the Amended Complaint. (*See* Pl.'s Br. in Opp'n. to Summ. J. 2.) The court has reviewed the affidavit, but finds that its wholly conclusory attestations are insufficient to create a genuine issue of material fact precluding summary judgment on her claims. *See Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000) ("'This court has consistently held that conclusory allegations without specific supporting facts have no probative value.'") (quoting *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985)). For example, Ms. Williams's lone attestation that she "*contracted* with [Women's Healthcare] for medical services" (Pl.'s Aff. ¶ 2 (emphasis added)) is unaccompanied by any factual support whatsoever and, thus, cannot withstand Women's Healthcare's properly supported summary judgment motion. (Pl.'s Aff. 2.) Additionally, Ms. Williams cannot hurdle summary judgment by relying on the factual basis in her Amended Complaint. (*See* Pl.'s Aff. ¶ 2 (citing generally the Amended Complaint).) Rather, she must present *evidence* that raises a genuine issue of material on each element of her § 1981 claim. *See Shiver*, 549 F.3d at 1343 (The nonmoving party "must present evidence beyond the pleadings showing that a reasonable jury could find in [her] favor" in order to survive summary judgment.). She fails to meet this burden.

Women's Healthcare argues that the § 1981 claim fails on another element as well. It contends that there is no genuine issue of material fact that it intended to discriminate against Ms. Williams based upon her race. (Def.'s Mem. of Law 11-12.)

To establish a § 1981 claim, Ms. Williams also must show that Women's Healthcare "intended to discriminate [against her] on the basis of race." *Kinnon*, 490 F.3d at 891. Women's Healthcare submits affirmative evidence that, contrary to the allegations in the Amended Complaint, it "never directed any 'racial slurs' at Ms. Williams, nor was it ever 'racially rude' to her." (Nichols's Aff. ¶ 21 (quoting Am. Compl. ¶¶ 8, 12)); *see also* Nichols's Aff. ¶ 22 (discussing Women's Healthcare's professional treatment of Ms. Williams).) Again, Ms. Williams offers no evidence in rebuttal. Hence, there is no "direct evidence of [racially] discriminatory intent," as in *Kinnon*, where the plaintiff was the target of a "highly offensive racial slur." 490 F.3d at 891.

The court also has scoured the record for circumstantial evidence of racially discriminatory intent, but has found none. *See Kinnon*, 490 F.3d at 893. Ms. Williams's assertion that she "was mistreated because of [her] race" (Pl.'s Aff. 1) lacks any factual support and, thus, is too conclusory to be probative for summary judgment purposes. *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) (The summary judgment opponent "cannot meet the burden of coming forth with relevant

competent evidence by simply relying on legal conclusions or evidence which would be inadmissible at trial.  The evidence presented cannot consist of conclusory allegations or legal conclusions." (citations omitted)). Moreover, while Ms. Williams attests that she was called "lazy" and "promiscuous" by a Women's Healthcare physician (Pl.'s Aff. 2), she fails to demonstrate or even argue that there is a connection between these statements, which are racially neutral on their face, and a racially discriminatory intent.  Absent any other evidence, that connection cannot be inferred on this record.  *See, e.g., Kinnon*, 490 F.3d at 893-94 (declining to enunciate a precise test for proving discriminatory intent with circumstantial evidence in a § 1981 non-employment case, but observing that the plaintiff had not "established a presumption that the late delivery and surcharge were based on discriminatory intent").  Accordingly, Ms. Williams also fails to raise a "genuine dispute as to any material fact" on this element of her § 1981 claim. Fed. R. Civ. P. 56(a).  Summary judgment is due to be entered in Women's Healthcare's favor on the § 1981 claim.[3]

---

[3] Rather than discuss her claims that survived the motions to dismiss, Ms. Williams "chooses to concentrate . . . primarily on . . . [the] constitutional rights that [Women's Healthcare] ha[s] denied to her related to her 2007 pregnancy." (*See* Pl.'s Br. in Opp'n. to Summ. J. 2-3.)  Her emphasis is misplaced because on Women's Healthcare's earlier motion to dismiss, Ms. Williams's constitutional claims were dismissed with prejudice. (*See* Mem. Op. & Order 7 (Doc. # 22).)  Those claims, thus, are no longer part of this lawsuit and cannot be revived in argument in a responsive summary judgment brief.

### B.   EMTALA Claims

Ms. Williams also brings claims EMTALA claims under §§ 1395dd(a) and (b), alleging that Women's Healthcare "breached a duty of proper emergency condition screening," and "failed to properly and adequately stabilize [Ms. Williams's] medical condition." (Am. Compl. ¶¶ 18, 25.) To succeed on her EMTALA claim, as explained in the court's prior opinions, Ms. Williams must demonstrate that Women's Healthcare is a "participating hospital," within the meaning of 42 U.S.C. § 1395dd(d)(2)(A). (*See* Mem. Op. & Order 7-9 (Doc. # 28); Mem. Op. & Order 9-10 (Doc. # 22).) Although on her second pleading attempt, Ms. Williams sufficiently alleged this element so as to defeat Women's Healthcare's motion to dismiss, those allegations are not sufficient to overcome Women's Healthcare's affirmative evidence that it is not a qualifying "participating hospital." (Nichols's Aff. ¶ 23 (providing that Women's Healthcare does not engage in or provide inpatient services and is not licensed as a hospital by the state of Alabama).) Ms. Williams presents no evidence on this critical element of her EMTALA claims. The absence of rebuttal evidence requires the entry of summary judgment in Women's Healthcare's favor on the EMTALA claims.

### C. State Law Claims

Because the § 1981 and EMTALA claims cannot survive summary judgment, there are no claims over which the court has original jurisdiction. Accordingly, the court declines in its discretion to exercise supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367(c)(3). *See Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (dismissal of state law claims pursuant to § 1367(c) is encouraged if federal claims dismissed prior to trial).

### V. CONCLUSION

For the foregoing reasons, it is ORDERED that:

(1)  Defendant's Motion for Summary Judgment (Doc. # 38) is GRANTED as to the federal law claims (Counts I, II and III); and

(2)  The remaining state law claims (Count V) are DISMISSED without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate judgment will be entered.

DONE this 18th day of November, 2011.

                                           /s/ W. Keith Watkins
                                       CHIEF UNITED STATES DISTRICT JUDGE